```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

THERESA BOWMAN                                CIVIL ACTION

VERSUS                                        NO: 07-7056

HORACE MANN INSURANCE CO.,                    SECTION: "A" (5)
ET AL.
```

**ORDER AND REASONS**

Before the Court is a **Motion to Remand (Rec. Doc. 3)** filed by plaintiff Theresa Bowman. Defendant Horace Mann Insurance Co. opposes the motion. The motion, set for hearing on January 23, 2008, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is DENIED.

**I. BACKGROUND**

Plaintiff, a citizen of Louisiana, initiated this suit in state court against Horace Mann Insurance Co. ("Horace Mann") and DCC & Sons Construction, LLC ("DCC"), also a Louisiana citizen. Horace Mann issued a policy of insurance covering Plaintiff's property located in Orleans Parish. Plaintiff alleges that Horace Mann has acted in bad faith by refusing to pay for all of

the damage that Plaintiff sustained during Hurricane Katrina. (Pet. ¶ 12).  Plaintiff claims that she engaged the services of defendant DCC to repair the property and that she has incurred costs for the repairs.  (Pet. ¶ 19).  Plaintiff claims that she is entitled to a declaratory judgment that DCC's fees are reasonable, justified, and necessary.  (Pet. ¶ 20).  Plaintiff contends that "[i]t is in dispute between plaintiffs [sic], defendant insurer and defendant contractor" whether DCC's fees are excessive, unfair, burdensome, and unjustified.  (Pet. ¶ 19).

Horace Mann removed the suit to this Court alleging removal on the basis of diversity jurisdiction because Plaintiff improperly joined DCC in the action to defeat removal to federal court.  Plaintiff moves to remand the case arguing that she clearly states a claim against DCC, the non-diverse defendant.

## II. DISCUSSION

Fraudulent or improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.  Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003) (citing Griggs v. State Farm Lloyds, 181 F.3d 694, 698 (5th Cir. 1999)).  Hanover does not claim that either of these two theories applies.

In Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353 (11th

Cir. 1996), abrogated on other grounds, Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000), the Eleventh Circuit recognized that misjoinder of an in state defendant with no real connection to the controversy at issue can be just as improper as joining a defendant against whom the plaintiff has no cause of action. Id. at 1360 (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)). The court rejected the notion that every misjoinder constitutes a fraudulent joinder but went on to conclude that an "egregious" misjoinder like the one in that case would be fraudulent. Id. The Tapscott principles likely apply in this circuit too where an egregious misjoinder occurs. See In re Benjamin Moore & Co., 318 F.3d 626 (5th Cir. 2002); In re Benjamin Moore & Co., 309 F.3d 296 (5th Cir. 2002).

This Court is persuaded that Plaintiff's attempt to bring DCC into the dispute with Horace Mann is exactly the type of misjoinder that would be considered "egregious" under the Tapscott principles. Assuming *arguendo* that Plaintiff has a claim against DCC, that claim has nothing to do with Plaintiff's claim against Horace Mann. Plaintiff's entitlement to recovery against Horrace Mann will be governed by the terms of the policy between the parties, and to the extent that penalties are sought, by Louisiana statutory law. As noted by Judge Engelhardt in a very similar case, there is no community of interest between the

3

three parties--the claims would be tangentially related at best. Glenn Milliet v. Liberty Mutual Ins. Co., et al., Civil Action 07-7443, Rec. Doc. 10 (Jan. 11, 2008).

Furthermore, even without applying Tapscott the Court is convinced that Plaintiff improperly joined DCC. The petition simply does not state a claim by Plaintiff *against* DCC. Plaintiff was free to hire the contractor of her choice. If she felt that DCC's rates were unreasonable she was certainly at liberty to decline the contract and to shop around. Likewise, she was at liberty to hire DCC even if its rates were higher than the rates that her policy dictates. The petition does not suggest that DCC breached the parties' contract in any way. And even if the terms of Plaintiff's policy require Horace Mann to pay Plaintiff according to DCC's rates if they are determined to be reasonable, it does not follow that Plaintiff has a claim *against* DCC. Plaintiff's arguments in support of a claim against DCC are simply unconvincing.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 3)** filed by plaintiff Theresa Bowman is **DENIED.**

January 30, 2008

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE